## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EARLY WARNING SERVICES, LLC,

        Plaintiff,

   vs.

WILLIAM GRECIA, an individual,

       Defendant.

Case No. 2:21-cv-01050-JHS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY ACTION UNDER THE FIRST-TO-FILE RULE

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION. ........................................................................................................... 1

II.   FACTUAL BACKGROUND. ....................................................................................... 3

    A.    Mr. Grecia's Unsuccessful Prior Attempts to Sue EWS' Customers. ................... 3

    B.    Mr. Grecia's Threats Leading Up to this Suit. ...................................................... 3

III.  ARGUMENT. ................................................................................................................ 4

    A.    The First-Filed Rule is Inapplicable. .................................................................... 4

        1.    This Case Lacks "Complete or even Near Complete" Overlap with the WDTX Case Because EWS Cannot be Made a Party to the WDTX Case. ........................................................................................................ 5

        2.    The Issues in This Case Are Much Broader than Those in the WDTX Case. ........................................................................................................ 9

    B.    The Customer Suit Exception Applies. ................................................................ 11

    C.    Mr. Grecia is Improperly Forum Shopping. ........................................................ 12

    D.    This Suit is Not Anticipatory. ............................................................................. 13

    E.    This Case is not Barred by the Compulsory Counterclaim Rule. ......................... 14

IV.   CONCLUSION. ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Cnty. Employees' Ret. Sys. V. Energy Transfer LP.*,
No. 20-200, 2020 WL1888950 (E.D. Pa. April 16, 2020)........................................................6

*Apeldyn Corp. v. Sony Corp.*,
852 F. Supp. 2d 568 (D. Del. 2012)......................................................................................12

*Avemco Ins. Co. v. Cessna Aircraft Co.*,
11 F.3d. 998 (10th Cir. 1993) ..........................................................................................14, 15

*Banco Nacional de Cuba v. First National City Bank of New York*
442 F.2d 530 (2d Cir. 1971)..................................................................................................14

*Best Med. Int'l, Inc. v. Elekta AB*,
No. 18-1600, 2019 WL 3304686*2 (D. Del. 2019)................................................................8

*Chavez v. Dole Food Co., Inc.*,
836 F.3d 205 (3d Cir. 2016)..................................................................................................11

*In re Cinemark Holdings*,
No. 19-266, 2020 WL 7393227 (Fed. Cir. Dec. 17, 2020).....................................................4

*Communications Test Design, Inc. v. Contec, LLC*,
952 F.3d 1356 (Fed. Cir. 2020).............................................................................................13

*In re Cray*,
871 F.3d 1355 (Fed. Cir. 2017)...............................................................................................7

*Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.*,
350 F. Supp. 2d 620 (E.D. Pa. 2004) ....................................................................................12

*E.E.O.C. v. Univ. of Pa.*,
850 F.2d 969 (3d Cir. 1988)....................................................................................................4

*FMC Corp. v. AMVAC Chem. Corp.*,
379 F. Supp. 2d 733 (E.D. Pa. 2005) ....................................................................................12

*Genentech, Inc. v. Eli Lilly & Co.*,
998 F.2d 931 (Fed. Cir. 1993)...............................................................................................13

*Genuine Enabling Tech., LLC v. Nintendo Co.*,
369 F. Supp. 3d 590 (D. Del. 2019)........................................................................................8

*In re Google LLC,*
  949 F.3d 1338 (Fed. Cir. 2020)..................................................................................8

*Grecia v. Bank of New York Mellon Corp.,*
  19-cv-02810-VEC, Amended Opinion and Order, Dkt. 55 (S.D.N.Y Apr. 20,
  2020) ...........................................................................................................................3

*Grecia v. CitiBank*
  N.A., 19-cv-02811 ......................................................................................................3

*Grecia v. Morgan Stanley Smith Barney LLC,*
  19-cv-02812 ................................................................................................................3

*Grecia v. Samsung Electronics America, Inc.*
  case no. 20-1831 (Fed. Cir. Jan. 7, 2021) .................................................................3

*Grecia v. TIAA, FSB d/b/a TIAA Bank,*
  19-cv-02813 ................................................................................................................3

*Kahn v. General Motors, Corp.,*
  889 F.2d 1078 (Fed. Cir. 1989).................................................................................12

*Katz v. Lear Siegler, Inc.,*
  909 F.2d 1459 (Fed. Cir. 1990).......................................................................3, 11, 12

*Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.,*
  416 F. Supp. 2d 1048 (E.D. Pa. 2006) ......................................................................6

*Landau v. Viridian Energy PA LLC,*
  274 F. Supp. 3d 329 (E.D. Pa. 2017) .....................................................................2, 6

*Merial Ltd. v. Cipla Ltd.,*
  681 F.3d 1283 (Fed. Cir. 2012)..................................................................................5

*Netlist Inc. v. Sk hynix Inc.,*
  No. 6:20-CV-00194 .....................................................................................................9

*Nexon America Inc. v. Uniloc 2017, LLC,*
  No. 19-1096, 2020 WL 3035647 (D. Del. June 5, 2020) .......................................2, 5

*Ricoh Co., Ltd. v. Aeroflex Inc.,*
  279 F. Supp. 2d 554 (D. Del. 2003)....................................................................11, 12

*Shire U.S., Inc. v. Johnson Matthey, Inc.,*
  543 F. Supp. 2d 404 (E.D. Pa. 2008) ........................................................................5

*In re SK hynix Inc.*,
No. 21-114, ECF Doc. No. 18,
Fed.Appx____ (Fed. Cir. Feb. 25, 2021) ...................................................................6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
137 S. Ct. 1514 (2017) .........................................................................................1, 6, 7

*In re Telebrands Corp.*,
773 F.App'x 600 (Fed. Cir. 2016) ...........................................................................5, 9

*Time Warner Cable, Inc. v. USA Video Technology Corp.*,
520 F. Supp. 2d 579 (D. Del. 2007) .............................................................................5

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*,
292 F.3d 384 (3d Cir. 2002) .......................................................................................14

*Whelen Tech., Inc. v. Mill Specialties, Inc.*,
741 F. Supp. 715 (N.D. Ill.1990) ...............................................................................11

*Xerox Corp. v. SCM Corp.*,
576 F.2d 1057 (3d Cir. 1978) .....................................................................................14

## Statutes

28 U.S.C. § 1400(b) .....................................................................................................6, 7

28 U.S.C. § 1404 ..........................................................................................................2, 6

28 U.S.C. § 1404(a) ........................................................................................................6

35 USC § 271 ................................................................................................................10

Declaratory Judgment Act .............................................................................................13

## Other Authorities

Federal Rule of Civil Procedure 13(a) .....................................................................14, 15

Federal Rule of Appellate Procedure 36 .........................................................................3

## I.    INTRODUCTION.

Defendant William Grecia complains that Plaintiff Early Warning Services LLC ("EWS") has engaged in "forum shopping" despite the fact that EWS filed this suit in the district in which Mr. Grecia resides. The only forum shopping that is occurring is that of Mr. Grecia who is improperly attempting to force EWS to pursue its claims against Mr. Grecia in the Western District of Texas — a forum that has no connection whatsoever to either of these parties.

Defendant's Motion to Dismiss fails because the first-to-file rule has no application to this case. While Mr. Grecia has sued, threatened to sue, and otherwise harassed a number of EWS' customers, Mr. Grecia has never filed suit against EWS. EWS is not a party to the lawsuit that Mr. Grecia filed against Cullen/Frost Bankers, Inc. ("Frost Bank") in the Western District of Texas, case no. 6:21-cv-00016-ADA ("WDTX Case"). As the master of his complaint, Mr. Grecia chose not to bring suit against EWS in the WDTX Case and, in any event, cannot do so because venue is improper for EWS in the Western District of Texas under the Supreme Court's holding in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).[1]

Further, the first-to-file rule does not apply because the issues and products involved in this case are much broader than those in the WDTX Case, which merely concerns whether the "use" of the Zelle® computer program by "Frost Bank's mobile application" directly infringes a single patent claim, namely, claim 16 of United States Patent No. 8,402,555 ("the '555 Patent"). *See* Complaint in WDTX Case, at ¶ 14, attached as Ex. D. to Defendant's Motion. In contrast, here,

---

[1] Contrary to Mr. Grecia's unsupported assertions, EWS is not controlling the WDTX Case through the Baker Botts law firm. Frost Bank — not EWS — engaged Baker Botts, and Frost Bank — not EWS — received an extension of time in the WDTX Case. Baker Botts is not EWS' "indemnifying counsel." In fact, EWS did not even offer to defend or indemnify Frost Bank until February 10, 2021, which was after Mr. Grecia agreed to Frost Bank's request for the extension of time in the WDTX Case. *See* Declaration of Warren Johnson, attached here to as Ex. 2, ("Johnson Decl.") ¶¶ 7-11.

EWS filed suit against Mr. Grecia — in his home district — in an effort to globally put an end to Mr. Grecia's pursuit of meritless infringement allegations against EWS' customers. Among other things, this suit seeks a declaration that all claims — not just claim 16 — of Mr. Grecia's '555 Patent are invalid and unenforceable. Further, EWS seeks a finding that any and all of the ways, methods, applications, systems, computer programs, and other means — not just Frost Bank's mobile app — that EWS' customers use to access EWS' Zelle Network® do not directly or indirectly infringe the '555 Patent. In addition, this action requests a declaration that EWS itself and its Zelle Network® do not directly or indirectly infringe any claim of the '555 Patent. None of these issues are involved in the WDTX Case, nor will they be resolved by the WDTX Case. Dismissing or staying this action would deny EWS any opportunity to vindicate itself and its Zelle Network®, and would allow Mr. Grecia to continue to harass and extort EWS' other customers.

Even if the WDTX Case were sufficiently similar such that the first-to-file rule applied (which it does not), this case cannot be transferred pursuant to 28 U.S.C. § 1404 because the Western District of Texas is an improper venue for a patent infringement suit against EWS. Courts in this District, and in the District of Delaware, recognize that it is not appropriate to rigidly apply the first-to-file rule where the court with the earlier-filed case does not have venue over the plaintiff in the later-filed action. *Nexon America Inc. v. Uniloc 2017, LLC*, No. 19-1096, 2020 WL 3035647 (D. Del. June 5, 2020) (holding "I will not apply the first-filed rule here because the Eastern District does not have venue over Nexon America."); *see Landau v. Viridian Energy PA LLC*, 274 F. Supp. 3d 329, 333-34 (E.D. Pa. 2017).

Additionally, even if the first-to-file rule applied, the "customer suit" exception prevents a stay, dismissal, or transfer because this suit brought by EWS as owner of the Zelle Network®

"takes precedence" over the WDTX Case against one of EWS' customers. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

## II.     FACTUAL BACKGROUND.

### A.     **Mr. Grecia's Unsuccessful Prior Attempts to Sue EWS' Customers**.

Mr. Grecia has a history of filing suit against EWS' customers. Specifically, Mr. Grecia also is the owner of U.S. Patent No. 8,887,308 ("the '308 Patent"). The '308 Patent is related and claims priority to the '555 Patent. In 2019, Mr. Grecia asserted the sole claim of the '308 Patent in four nearly identical lawsuits against four of EWS' customers and Samsung Electronics America, Inc. in the Southern District of New York. In granting all four of EWS' customers' and Samsung's motion to dismiss, the Court found the sole claim of the '308 Patent to be invalid as being directed to an abstract idea. *See* Complaint, Ex. 20, *Grecia v. Bank of New York Mellon Corp.*, 19-cv-02810-VEC, Amended Opinion and Order, Dkt. 55 (S.D.N.Y Apr. 20, 2020), and related cases *Grecia v. CitiBank*, N.A., 19-cv-02811, *Grecia v. Morgan Stanley Smith Barney LLC,* 19-cv-02812, and *Grecia v. TIAA, FSB d/b/a TIAA Bank*, 19-cv-02813.   The Court of Appeals for the Federal Circuit summarily affirmed the invalidity of the '308 Patent as being directed to an abstract idea under Rule 36.  *Grecia v. Samsung Electronics America, Inc.*, case no. 20-1831 (Fed. Cir. Jan. 7, 2021).

### B.     **Mr. Grecia's Threats Leading Up to this Suit.**

On December 23, 2020, Mr. Grecia sent a "demand" letter to EWS' counsel. Complaint, Ex. 3. In the letter, Mr. Grecia accused four EWS customers of directly infringing the '555 Patent. Specifically, Mr. Grecia accused EWS customers First National Bank of Central Texas (FNBCT), Frost Bank, American Bank, and First National Bank of Texas (FNBT) of infringing the '555 Patent through the actions performed by their respective mobile applications. Also in the letter, Mr. Grecia demanded EWS "move wisely" to "buy out" these cases for an "early discounted

amount" before he filed suits against each of EWS' customers "directly after January 5th 2021." Mr. Grecia continued his demand by threatening to extort even larger sums of money from EWS and/or EWS' customers if he were to file suits against them in the Western District of Texas, and he made clear that he would only file suit in the Waco Division of the Western District of Texas before Judge Albright. *See id*. With his demand, Mr. Grecia sent four claim charts purporting to identify EWS' customers' alleged infringement of at least claim 23 of the '555 Patent. *Id.*

Mr. Grecia's demand, however, was not limited to the four identified EWS customers. Mr. Grecia threatened further litigation and, indicative of his bad faith, stated that he will "not consider any bulk or global" deals concerning EWS' Zelle Network® "at all in 2021." *Id.* In a subsequent email dated February 4, 2021, Mr. Grecia also asserted that EWS' customer First National Bank of Central Texas (FNBCT) "has a pending Zelle action," although Mr. Grecia has not yet commenced litigation against FNBCT. Complaint, Ex. 6. EWS has not responded to any of Mr. Grecia's demands and settlement proposals.

## III.    ARGUMENT.

### A.    The First-Filed Rule is Inapplicable.

"The first-filed rule . . . gives courts 'the power' to enjoin the subsequent prosecution of proceedings involving the **same parties** and the **same issues** already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted) (emphasis added). This rule, however, "is not a mandate directing wooden application," *Id.*, 850 F.2d at 972. Instead, courts are free to depart from it when "fundamental fairness dictates." *Id.* at 977.

"Under the first-to-file rule, where there is complete or near complete overlap between two cases, the usual rule is for the court of the first jurisdiction to resolve the issues." *In re Cinemark Holdings*, No. 19-266, 2020 WL 7393227, at *2 (Fed. Cir. Dec. 17, 2020). An "ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the [district court]"

in deciding whether the first-to-file rule applies. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). As the Federal Circuit has recognized, "where there is less overlap [between two cases], the second district court has considerably more discretion" in whether to apply the first-to file rule. *In re Telebrands Corp.*, 773 F.App'x 600, 602 (Fed. Cir. 2016).

      1.    <u>This Case Lacks "Complete or even Near Complete" Overlap with the WDTX Case Because EWS Cannot be Made a Party to the WDTX Case.</u>

While some courts have applied the first-filed rule despite the fact that the parties in the two suits were initially not the same, in each such case, the district court in the earlier-filed suit had jurisdiction and venue over the plaintiff in the later-filed case. For example, in *Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007), the plaintiff "filed an amended complaint . . . adding TWC as [a] defendant" to the earlier-filed suit after TWC filed suit in Delaware. Similarly, in *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404 (E.D. Pa. 2008), "Johnson Matthey amended the complaint in the Texas Action to include Shire as a defendant" 5 days after Shire filed suit in this district. Thus, in each of these cases, the parties in the earlier-filed actions were the same, and the cases were duplicative, when the court heard the motion to dismiss or transfer.

Where the plaintiff is not joined, and cannot be joined, as a party to the earlier-filed suit, courts have found the first-filed rule inapplicable. In *Nexon America Inc. v. Uniloc*, No. 19-1096, 2020 WL 3035647 (D. Del. June 5, 2020), the District of Delaware court refused to apply the first-to-file rule to Nexon America's declaratory judgment action suit despite the fact that Uniloc had earlier filed suit in the Eastern District of Texas asserting infringement of the same patent by Nexon America's affiliates. The court reasoned that it would "not apply the first-filed rule here because the Eastern District does not have venue over Nexon America." *Id.* at*4.

Similarly, while not in the patent context, other judges of this Court have acknowledged that the first-filed rule "does not carry the same force" when different parties are involved in the two cases and when transfer to the district court of the earlier-filed case is inappropriate. *Allegheny Cnty. Employees' Ret. Sys. V. Energy Transfer LP.*, No. 20-200, 2020 WL1888950, *3 (E.D. Pa. April 16, 2020).

Here, Mr. Grecia did not name EWS in the WDTX Case, and has not sought to amend that complaint. Further, this suit cannot be transferred to the Western District of Texas because venue is improper. Thus, the first-filed rule does not apply.

Under 28 U.S.C. § 1404, "a district court may transfer any civil action **to any other district or division where it might have been brought**." (emphasis added). "In applying § 1404, a court must first determine whether venue is proper in both the original district and the district to which transfer is sought." *Landau v. Viridian Energy PA LLC*, 274 F. Supp. 3d 329, 334 (E.D. Pa. 2017) (citing *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1053 (E.D. Pa. 2006). Importantly, the Federal Circuit has made clear that the first-to-file rule does not contravene § 1404 and also does not allow for transfer where prohibited under § 1404. *In re SK hynix Inc.,* No. 21-114, ECF Doc. No. 18, __ Fed.Appx____ (Fed. Cir. Feb. 25, 2021). Further, the issue of whether this case could have been brought in the WDTX Case is a question that "§ 1404(a) affirmatively directs" this Court to consider. *Id.* at 18.

Under 28 U.S.C. § 1400(b), a patent case may only "be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." It is undisputed that EWS is a Delaware limited liability company located in Arizona and, thus, does not reside in Texas. *TC Heartland LLC v. Kraft Foods*

*Grp. Brands LLC,* 137 S. Ct. 1514, 1521 (2017) (holding that domestic companies "reside" only in their state of organization).

Further, EWS does not have a regular and established place of business in the Western District of Texas. The Federal Circuit has set forth a three-prong analysis that governs the determination of what constitutes a defendant's "regular and established place of business" under § 1400(b): "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Under the first prong, there must "be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. Under the second prong, the business must be "regular," in that "it operates in a 'steady[,] uniform[,] orderly[, and] methodical' manner," as "sporadic activity cannot create venue.' *Id.* at 1362 (alterations in original). Finally, under the third prong, the place of business must "be a place of the defendant," meaning "the defendant must establish or ratify the place of business." *Id.*

The Federal Circuit has identified a number of relevant considerations that may assist courts in determining whether a place of business is the place of the defendant, including whether the defendant: (a) owns or leases the place or exercises other attributes of possession or control over the place; (b) has conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place; (c) markets or advertises to the extent it indicates that the defendant itself holds out a place for its business in the district; (d) represents that it has a place of business in the district; or (e) conducts similar activity at the place compared to the defendant's other places of business. *Id.* at 1363-64.

Here, EWS does not have any place of business in Texas. Declaration of Patrick Bliss, attached hereto as Ex. 1 ("Bliss Decl.) at ¶ 4. EWS does not lease, own, occupy, or control any real property in Texas and does not hold itself out as being located in Texas. *Id.* at ¶¶ 4-5. Although EWS is registered to do business in Texas, its statutory agent for service of process is located in Dallas, outside the Western District of Texas. *Id.* at ¶¶ 8-10. Mr. Grecia attached as Exhibit B to his Motion a document from the "OpenCorporates" website purportedly showing EWS having an address at 800 Brazos St. in Austin, Texas. As an initial matter, "OpenCorporates" is an open database and is not a government or otherwise official website with the typical type of source documents that are considered reliable under Federal Rules of Evidence. Further, the declaration from EWS, attached hereto as Exhibit 1, establishes that EWS does not have a place of business at 800 Brazos St., in Austin, Texas, and that the relevant government sources from Texas each identify EWS' statutory agent in Texas as located in Dallas — outside the Western District of Texas. *Id.* at ¶¶ 9-11. In any event, "[t]he consent to service in a district does not create proper venue there." *Best Med. Int'l, Inc. v. Elekta AB*, No. 18-1600, 2019 WL 3304686*3 (D. Del. 2019) (citing *Genuine Enabling Tech., LLC v. Nintendo Co.*, 369 F. Supp. 3d 590, 599-600 (D. Del. 2019)).

EWS may have remote employees in Texas, but it does not condition their employment upon being located in Texas. Bliss Decl, at ¶¶ 6-7. In *In re Google LLC*, the Federal Circuit further reinforced the narrowness of the venue inquiry by clarifying that the venue statute excludes "agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute the defendant's conduct of business . . . ." 949 F.3d 1338, 1347 (Fed. Cir. 2020). "The place of business must be the defendant's, 'not solely a place of the defendant's employee.'" *Id.* at 1363. A remote employee's home does not qualify as EWS' place of business.

2.     <u>The Issues in This Case Are Much Broader than Those in the WDTX Case</u>.

As the Western District of Texas recently wrote in denying a motion to transfer under the first-to file rule, "[t]ransfer under the first-to-file rule requires far more than patents from the same family, same parties, and same accused products." *Netlist Inc. v. Sk hynix Inc.*, No. 6:20-CV-00194, ECF Doc. 87 at 6 (W.D. Tex. Feb. 2, 2021). The first-to-file rule does not apply where there is no "substantial overlap" between the subject matter of the two cases. *In re Telebrands Corp.*, 773 F.App'x at 602. The issues and subject matter of this suit do not substantially overlap with the WDTX Case.

In the WDTX Case, Mr. Grecia's allegations concern only whether the "use" of the Zelle® computer program by "Frost Bank's mobile application" directly infringes a single claim — claim 16 — of Mr. Grecia's '555 Patent. WDTX Case Complaint, ¶ 14. Thus, the WDTX Case concerns only claim 16. The WDTX Case only concerns direct infringement by "use," and the product using the Zelle Network® is described only as the Frost Bank mobile app. Specifically, Mr. Grecia alleges that the Frost Bank mobile app uses the Zelle Network®, and that the Frost Bank mobile app constitutes a "communications console" that includes a combination of a graphic user interface (GUI) and an Application Programmable Interface (API). WDTX Complaint, at ¶ 17.

In contrast, this case addresses not only claim 16 of the '555 Patent, but each and every claim of the '555 Patent. Specifically, Mr. Grecia's communications to EWS regarding EWS' other customers asserted supposed infringement of other claims in the '555 Patent. For example, the claims chart Mr. Grecia sent concerning EWS customer American Bank asserted infringement of claim 23 of the '555 Patent. Complaint, Ex. 3 at 55.

Furthermore, the products at issue in this suit extend beyond merely "Frost Bank's mobile app." This suit seeks a declaration of non-infringement relating to the American Bank, FNBCT, and FNBCT mobile applications identified in Mr. Grecia's December 23, 2020 demand letter,

together with every other way, method, application, system, computer program, and other means utilized by EWS' customers in connection with EWS' Zelle Network®. Complaint at 21. Additionally, while Mr. Grecia's WDTX Case asserts only infringement by "use," this action seeks a declaration that, under 35 USC § 271, neither EWS nor any of its customers make, use, offer to sell, sell or import any products that infringe the '555 Patent. *Id.* For example, the claim chart Mr. Grecia sent to EWS concerning EWS customer American Bank asserted infringement based on **the American Bank mobile application performing** the '555 Patent's recited steps of "receiving . . . , authenticating . . . , establishing . . . , requesting . . . , receiving . . . , and branding . . . ," (Complaint, Ex. 3 at 55-60) whereas, by contrast, the allegations in Mr. Grecia's WDTX case allege that those steps are **performed by the Zelle® computer program product that the Frost Bank mobile application uses**. *See* WDTX Complaint, at ¶¶ 14-23. The difference between Mr. Grecia's infringement allegations made to EWS and made in the WDTX Case is significant, as the bases of infringement under 35 U.S.C. § 271 would be different — e.g., "making," "selling," etc. for the American Bank allegations vs. "using" in the WDTX case. Moreover, the underlying factual allegations are significantly different. For example, as mentioned above, in the WDTX Case, Mr. Grecia asserts that the Frost Bank mobile app constitutes the '555 Patent's "communications console" that includes a combination of a graphic user interface (GUI) and an Application Programmable Interface (API). *See* WDTX Complaint, at ¶ 16. However, the allegations with respect to American Bank do not allege that the American Bank mobile application is the communication console, nor could they without nonsensically alleging that the American Bank mobile application is establishing a communication with itself, and is communicating with itself. As such, a decision on the merits in the WDTX Case as to whether or

not Frost Bank infringes the '555 Patent would not necessarily resolve whether or not EWS and its other customers infringe the '555 Patent.

As a result, there are significantly different and much broader issues before this Court than merely Frost Bank's mobile application and whether its "use" of the Zelle Network® infringes a single claim of the '555 Patent. Staying or dismissing[2] this case will deny EWS of any remedy against Mr. Grecia, and will allow him to continue to threaten and harass EWS' customers across the country with his meritless claims of infringement.

**B.    The Customer Suit Exception Applies**.

Under Federal Circuit precedence, a district court should give preference to a manufacturer's declaratory judgment suit over a patentee's suit against the manufacturer's customers when those customers are being sued for their ordinary use of the manufacturer's products. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed.Cir.1990). This rule, known as the "customer suit exception," recognizes that it is more efficient for the dispute to be settled directly between the parties in interest (i.e., the manufacturer and the patentee, not the manufacturer's customers and the patentee). *See Whelen Tech., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 716 (N.D. Ill.1990) (noting that the manufacturer is presumed to have a greater interest in defending its actions against charges of patent infringement than the manufacturer's customers.)

This exception also acknowledges that a patentee's election to sue customers, rather than the manufacturer itself, often is based on a desire to intimidate. *Ricoh Co., Ltd. v. Aeroflex Inc.*,

---

[2]The Third Circuit has held that, when applying the first-filed rule, dismissal is improper "in the vast majority of cases." *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220-21 (3d Cir. 2016).

279 F. Supp. 2d 554 (D. Del. 2003) (citing *Kahn v. General Motors, Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).

"The 'customer suit' exception has been applied in situations 'when [a] first suit is brought against the customer in a district where the manufacturer cannot be joined as a defendant,' and the first suit 'is filed against a customer who is a mere reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods.'" *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568 (D. Del. 2012) (quoting *Teleconference Sys. v. Proctor & Gamble Pharma., Inc.,* 676 F. Supp.2d 321, 327 (D.Del.2009) (citations omitted)).

As the court in *Apeldyn Corp.* recognized, the customer suit exception has particular application where — as here — the manufacturer cannot be joined as a defendant in the first-filed action. The customer suit exception exists for precisely the circumstances presented by EWS' suit against Mr. Grecia in this district. Mr. Grecia has only ever filed suit against EWS' customers because of his "desire to intimidate." *Ricoh Co., Ltd.,* 279 F. Supp. 2d 554. EWS' suit in this district seeks to vindicate EWS' Zelle Network® and EWS' customers' ordinary use of the Zelle Network®. Thus, even if the first-to-file rule applied (which it does not), the customer suit exception would direct that this Court proceed with this action.

### C.    Mr. Grecia is Improperly Forum Shopping.

"Exceptions to the first-to-file rule are not rare and are made when justice or expediency requires, including when the first-filed action is the result of forum-shopping . . ." *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 744 (E.D. Pa. 2005) (quoting *Drugstore-Direct, Inc. v. Cartier Div. of Richemont N. Am., Inc.*, 350 F. Supp. 2d 620, 623 (E.D. Pa. 2004)). Mr. Grecia's filing in the Western District of Texas is not happenstance. Mr. Grecia informed EWS in his December 23, 2020 demand letter that he would only file suit "in Albright's jurisdiction" — a reference to Judge Alan Albright in the Western District of Texas. Mr. Grecia

perceives some advantage because "[i]n Albright's discovery, Grecia will demand and get access to each of the 4 cases [sic] mobile source codes." *See* Complaint, Ex. 3 at 41. EWS has hundreds of financial institution customers across the United States that use the Zelle Network®. Mr. Grecia, however, methodically identified and targeted Frost Bank, which is headquartered in San Antonio, Texas in the Western District of Texas. Thus, by targeting only Frost Bank, Mr. Grecia knew venue would be proper before Judge Albright. This Court should not reward Mr. Grecia's admitted forum shopping by staying, dismissing, or transferring this action in favor of the WDTX Case.

> **D.     This Suit is Not Anticipatory**.

"[T]he purpose of the Declaratory Judgment Act [is] to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Here, as noted above, Mr. Grecia has sued and threatened to sue EWS' customers for years. Furthermore, while Mr. Grecia has suggested that he "may" attempt to join EWS to the WDTX Case, he has never done so. Thus, consistent with the purpose of the Declaratory Judgment Act, EWS is not required to wait under the cloud of Mr. Grecia's false assertions for Mr. Grecia to file suit. Mr. Grecia cannot, in good faith, complain that it is somehow unfair or that EWS has forum shopped by bringing this suit in Mr. Grecia's home district.

Unlike the plaintiff in *Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020), EWS has not engaged in settlement discussions with Mr. Grecia despite his repeated communications to EWS. Mr. Grecia alleges he had some communications with Frost Bank's counsel at the firm Baker Botts in January 2021, where Frost Bank requested an extension to respond to the WDTX Case so it could consider settlement. EWS was not involved in any way with those communications. EWS did not and has not engaged Baker Botts. Johnson Decl., at ¶ 7. Rather, the Baker Botts firm is Frost Bank's separate counsel, and EWS did not retain Baker Botts

to defend Frost Bank. Johnson Decl., at ¶ 8. In fact, EWS did even offer to defend or indemnify Frost Bank in the WDTX Case until February 10, 2021, and did not agree to defend and indemnify Frost Bank until February 22, 2021 — more than a month after Mr. Grecia's supposed direct communications with Frost Bank. Johnson Decl., at ¶ 10.

**E.      This Case is not Barred by the Compulsory Counterclaim Rule**.

The compulsory counterclaim rule under Federal Rule of Civil Procedure 13(a) requires a party to "state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." This case is not barred by the compulsory counterclaim rule because EWS is not an "opposing party" or "pleader" in the WDTX Case.

Although the Third Circuit Court of Appeals has held that the compulsory counterclaim rule's "opposing party" requirement should be interpreted broadly, such application has been limited to circumstances where the unnamed party is "functionally identical to the actual opposing party named in the litigation." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 390 (3d Cir. 2002) (citing *Banco Nacional de Cuba v. First National City Bank of New York*, 478 F.2d 191 (2d Cir. 1973). For example, the Second Circuit in *Banco* held that "because the parties 'acted as a single entity' and because one was the alter ego of the other, both were 'opposing parties' within the meaning of Rule 13."

In *Transamerica*, the Third Circuit Court also cited the Court of Appeals for the Tenth Circuit in *Avemco Insurance Co v. Cessna Aircraft Co.*, 11 F.3d 998 (10th Cir. 1993), which recognized that "an insurer-subrogee" could be considered an opposing party for Rule 13(a). The holding in *Avemco*, however, stands for the simple proposition that an insurer cannot bring a claim for contribution where its insured failed to assert the same claim in an earlier action because the

14

insurer (as subrogee) "'stood in the shoes' of the insured." *Id.* at 1000. Thus, an insurer acting as subrogee "has no greater rights than those possessed by its insured." *Id.* at 1000.

None of these circumstances exist in this suit. Mr. Grecia does not allege that EWS is the alter ego or functional equivalent of Frost Bank. Further, although EWS has agreed to defend and indemnify Frost Bank in the WDTX Case, EWS is not asserting Frost Bank's claims in this action as subrogee. Rather, EWS is seeking to vindicate its own rights and has brought its own separate claims.

**IV.    CONCLUSION.**

For the reasons set forth above, EWS respectfully requests that this Court deny Mr. Grecia's Motion to Dismiss, Transfer or Stay EWS' Complaint.

DATED this 29th day of March, 2021.

BAKER & HOSTETLER LLP

By    */s/ Daniel J. Goettle*_____
      Daniel J. Goettle
      Cira Centre, 12th Floor
      2929 Arch Street
      Philadelphia, Pennsylvania 19104
      Telephone: 215.568.3100
      Email: DGoettle@bakerlaw.com

BRYAN CAVE LEIGHTON PAISNER LLP

      George C. Chen (Pro Hac Vice)
      Jacob A. Maskovich (Pro Hac Vice)
      Cory G. Smith (Pro Hac Vice)
      Two North Central Avenue, Suite 2100
      Phoenix, Arizona 85004-4406
      Telephone: 602.364.7000

Attorneys for Plaintiff Early Warning Services, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been served electronically on all counsel of record via email and the Court's ECF system on March __, 2021.

William Grecia
121 Lenora Lane
Downington, Pennsylvania 19335-1132
business@greciafamily.estate
Defendant Pro Per


*/s/ Daniel J. Goettle*_____
Daniel J. Goettle