IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EARLY WARNING SERVICES, LLC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-1050 |
| | : | |
| **WILLIAM GRECIA and GRECIA ESTATE HOLDINGS LLC** | : | |

# ORDER

**AND NOW**, this 6th day of August 2021, upon considering Defendants' Motion to dismiss (ECF Doc. No. 70), Plaintiff's Response (ECF Doc. No. 74), Defendants' Reply (ECF Doc. No. 75), review of the transcript of our July 30, 2021 oral argument (ECF Doc. No. 77) including Defendants' repeated judicial admissions they have no claim of infringement of the '555 patent against Plaintiff and they intend to be bound by these judicial admissions, including:

A.  "[W]e don't think a Claim lies against Early Warning."[1]

B.  Answering "correct" to our question, "So your client is taking the position here in the Eastern District of Pennsylvania that Early Warning's software does not infringe – or Early Warning's programs do not infringe on your client's '555 [patent]?"[2]

C.  "There's no direct or indirect infringement allegation that could be made against Early Warning, because none of the Early Warning services that are provided to purported customers bear on the infringement analysis."[3]

D.  "Early Warning should have comfort that, as far as patent infringement goes, it or its purported customers have nothing to worry about, because everything Mr. Grecia has in his patent portfolio would be directed towards entities with Applications that perhaps use components provided by Parties like IBM, not Early Warning Services."[4]

E. "Instead of a covenant not to sue for Early Warning customers, Mr. Grecia would be bound by an Order dismissing this case with prejudice, conditionally on these admissions that were made today."[5]

F. Clarifying Mr. Grecia's offer to be bound by our Order is "broad to all 555 Patent claims."[6]

G. "It's Defendants' view that it has no direct or indirect patent infringement claims against Early Warning . . . because . . . an analysis of infringement does not implicate any services that Early Warning provides" and not contradicting the Court when asked if this position also applies to "use of Early Warning's products."[7]

H. "What we believe we're precluded from is making any allegation of direct or indirect infringement against Early Warning or any Early Warning customer that consumes Early Warning Services."[8]

I. "And just for the record, I'd like to make clear I spoke with Mr. Grecia this morning. And I'm fully authorized to make these admissions [on] his behalf and on behalf of the state."[9]

AND further mindful Plaintiff afforded itself an opportunity to fully litigate this issue concerning Claim 16 in the Northern District of Texas as the indemnitor of Frost Bank, and for reasons in the accompanying Memorandum, it is **ORDERED**:

1. Defendants' Motion to dismiss (ECF Doc. No. 70) is **GRANTED**;

2. The Clerk of Court shall **close** this case;

3. Plaintiff's Motion for reconsideration (ECF Doc. No. 67) is **DENIED** as moot; and,

4. Plaintiff's Motion for miscellaneous relief (ECF Doc. No. 79) is **DENIED** as moot.[10]

_____
**KEARNEY, J.**

---

[1] ECF Doc. No. 77 at 38: 6-7.

[2] *Id.* at 40: 20-24.

[3] *Id.* at 43:5-8.

[4] *Id.* at 46:12-22.

[5] *Id.* at 46:23-44:1.

[6] *Id.* at 47:5-6.

[7] *Id.* at 47:11-13 ("Q: Or the use of Early Warning's products? A. Well, you can say it however you want to say it. But there are no Early Warning services that implicated the infringement analysis.")

[8] *Id.* at 51:9-12.

[9] *Id.* at 53:4-6.

[10] Plaintiff moved for supplemental oral argument (ECF Doc. No. 79) essentially addressing terms of a settlement beyond the scope of our review on the motion to dismiss as we rely upon Defendants' judicial admissions during oral argument.